# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| JANEANE DEE REINING, | ) | CASE NO. 5:22-cv-499 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | |
| DEFENDANT. | ) | |

This matter is before the Court on the joint stipulation of the parties for an award of attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, in the amount of $4,500.00 (Doc. No. 14), and supplement to the stipulation (Doc. No. 15). The Court construes the parties' stipulation as a joint motion requesting that the Court award plaintiff EAJA attorney fees in the amount of $4,500.00.

For the reasons that follow, the parties' joint motion for an award of attorney fees in the amount of $4,500.00 is granted.

## I. BACKGROUND

Plaintiff filed a complaint seeking review of the Commissioner's decision denying benefits. (Doc. No. 1.) The parties later filed a joint stipulation to remand this matter to the Commissioner for further proceedings pursuant to Sentence Four of Section 205 of the Social Security Act, 42 U.S.C. § 405(g), and the Court ordered the matter remanded to the Commissioner. (*See* Doc. Nos. 12, 13.)

**II. DISCUSSION**

The EAJA requires the government to pay a prevailing social security plaintiff's reasonable attorney fees and costs "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); *Howard v. Barnhart*, 376 F.3d 551, 553–54 (6th Cir. 2004) (same). First, there is no dispute that plaintiff is the "prevailing party" under the EAJA. *Shalala v. Schaefer*, 509 U.S. 292, 300–02, 113 S. Ct. 2625, 125 L. Ed. 2d 239 (1993) (finding the "prevailing party" status is achieved within the meaning of the statute when plaintiff succeeds in securing a sentence four remand order). In the joint motion, the defendant does not argue that the Commissioner's position was substantially justified, and the Court is not aware of any evidence in the record to the contrary. Nor is the Court aware of any special circumstances that would make an attorney fee award unjust in this case.

With respect to the reasonableness of the EAJA fee award sought, the documentation submitted by plaintiff in support of the motion shows 21.4 hours of legal services performed by counsel between March 15, 2022, and October 25, 2022, including the typical legal services of communicating with plaintiff, preparing the complaint, and brief writing. (*See* Doc. No. 15-1.) In this case, the Court finds that both the nature of the legal services and the number of hours expended to be reasonable. Dividing the number of hours expended into the award sought results in an hourly rate of $210.28 per hour.

The EAJA provides that the amount of an attorney fee award shall be based upon prevailing market rates but shall not exceed $125.00 per hour unless the Court determines that the cost of living or special factors justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A)(ii). The change in the

cost of living over the years since the $125.00 per hour rate was established justifies an increase in the statutory rate. *See Crenshaw v. Comm'r of Soc. Sec.*, No. 1:13-cv-1845, 2014 WL 4388154 at *3 (N.D. Ohio Sept. 5, 2014). The appropriate measure of inflation in this geographic area is the "Midwest Urban" CPI. *Id.* The Court finds that the hourly rate of $210.28, considering adjustments for cost of living increases since the enactment of the EAJA, is both supportable and reasonable. *See Defiore v. Comm'r of Soc. Sec.*, No. 1:18-cv-184, 2020 WL 5703919, at *5 (N.D. Ohio Sept. 24, 2020) (an hourly rate of $280.00 is reasonable); *Binkley v. Saul*, No. 1:19-cv-864, 2019 WL 7048979, at *2 (N.D. Ohio Dec. 23, 2019) (an hourly rate of $195.76 is reasonable). Accordingly, the Court awards plaintiff attorney fees in the amount of $4,500.00.

As the parties acknowledge in their joint motion, an award to plaintiff under the EAJA is subject to offset by any outstanding federal debt owed by plaintiff pursuant to *Astrue v. Ratliff*, 560 U.S. 586, 130 S. Ct. 2521, 117 L.Ed.2d 91 (2010). Within thirty (30) days from the date of this order, the Commissioner shall initiate payment and request that the Department of Treasury verify whether plaintiff owes a preexisting debt to the United States. Any such debt will be offset against the EAJA award granted herein, and payment of the balance shall be made as promptly as possible to the plaintiff, or to plaintiff's attorney, in accordance with the provisions of any fee assignment and/or agreement between plaintiff and counsel.

## III. CONCLUSION

The parties' motion for an award of attorney fees and costs pursuant to 28 U.S.C. § 2412 in the amount of $4,500.00 is granted, subject to the procedures outlined herein.

**IT IS SO ORDERED**.

Dated: November 3, 2022

**HONORABLE SARA LIOI
UNITED STATES DISTRICT JUDGE**

4